ALICE M. BATCHELDER, Chief Judge.
The plaintiff-appellants in this action are former students of the now-defunct computer training school ComputerTrain-ing.Com, Inc. (CTI). They appeal the judgment of the district court that dismissed their complaint against defendant-appellee Sallie Mae, the lender on their student loans, on the basis that the parties agreed to arbitrate any such claims. Finding the district court’s opinion to be complete, thorough, and correct, we AFFIRM.
CTI ran computer training schools in which it certified its graduates as computer proficient and offered lifetime job placement assistance. Students paid between $13,000 and $28,000 in tuition. Many students obtained financial aid, in the form of student loans, from Sallie Mae.
Each borrower individually executed a promissory note. These notes contain three pertinent provisions: an FTC Holder Rule Clause, an Arbitration Agreement Clause, and a Severability Clause. Tracking 16 C.F.R. § 433.2, the FTC Holder Rule Clause says that the consumer (student) can assert any claim or defense against the creditor (Sallie Mae) that he would have against the seller (CTI). This is the basis for Sallie Mae’s being a defendant in this case. The Arbitration Clause, almost two full pages of the nine-page note, says the parties will arbitrate claims and, correspondingly, waive the right to litigate claims in court. This is the subject of this appeal. And the Severability Clause says that if any provision is unenforceable it will be severed and the rest of the note will remain.
On December 31, 2009, CTI secretly closed, took the money the students had paid in tuition, and disappeared. Numerous students and former students,[1] many owing money to Sallie Mae on the notes, sued CTI and eventually obtained a default judgment. The students invoked the FTC Holder Rule Clause from the notes and added Sallie Mae as a defendant. In response, Sallie Mae invoked the Arbitration Clause from the notes to move the litigation to arbitration.
The notes contain a provision specifying the agreed-upon arbitrators (i.e., “Administrator”) and, particularly, the default arbitrator:
‘Administrator’ means, as applicable, the American Arbitration Association [address], or the National Arbitration Forum [address], provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the American Arbitration Association; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration of my Claim, I select the American Arbitration Association as Administrator within 20 days after that dispute is finally resolved).
*715 R. 35-2, Promissory Note, § XVII.3 (Definitions).[2] So, in this provision, Sallie Mae and the borrower each agreed to three basic things: (1) there are two eligible arbitrators, specifically named — the American Arbitration Association (AAA) and the National Arbitration Forum (NAF); (2) the NAF is the preferred arbitrator, so much preferred that the NAF is set out as the default arbitrator; and (3) the parties can opt out of that default selection in one of three ways, as detailed in clauses a, b, and c. None of those three clauses applies here: the parties have not mutually agreed to the AAA (clause a); the borrowers did not initiate arbitration (clause b); and after filing suit, the borrowers did not select the AAA in response to Sallie Mae’s election to arbitrate, via written notice or otherwise (clause c). Under the plain terms, the NAF would be the arbitrator.
The dispute arises from circumstances having nothing to do with this lawsuit. Specifically, the NAF is no longer conducting arbitrations and is therefore unavailable. So, the question for the district court — and now before us on appeal — is, given the terms of the note, what does the NAF’s unavailability mean? The district court severed the provision into two pieces, which it labeled the “definition of ‘Administrator’ ” and the “forum selection clause”:

Definition of Administrator:

‘Administrator’ means, as applicable, the American Arbitration Association [address], or the National Arbitration Forum [address], provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

Forum Selection Clause:

The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the [AAA]; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the [AAA]....
R. 49, p. 18-19 (district court opinion). The district court then found that the Forum Selection Clause could be excised, pursuant to the Severability Clause, leaving the rest enforceable:
‘Administrator’ means, as applicable, the American Arbitration Association [address], or the National Arbitration Forum [address], provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The-National Arbitration Forum will-be -the Administrator unless. — (a)-you and I agree otherwise; (b) I-am-the-CIaimant and I i-nitiate-an-arbitration before the American-Arbitration Association; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give-you-written notice that I am selecting the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration-of my Claim, I select the ■ American Arbitration Association as Administrator-within 20 days.after that dispute is finally resolved).
R. 35-2, Promissory Note, § XVII.3 (Definitions) (strikeout added). This left the AAA as the arbitrator, so the court dismissed the complaint holding that arbitration is before the AAA.
We agree with the district court’s analysis and conclusion. The so-called “Forum *716 Selection Clause” is a default provision that presumes the NAF’s availability — the NAF “unless" a, b, or c — so the opt-out clauses (a, b, and c) are meaningless without the NAF. But the “Definition of Administrator” portion remains valid despite the NAF’s unavailability, because it is in the disjunctive — the AAA “or” the NAF— leaving the AAA as the arbitrator. Because the first of the parties’ three basic agreements in that provision was that either the AAA or NAF would be eligible, this approach remains consistent with the parties’ intent under the circumstances. See Great Earth Cos. v. Simons, 288 F.3d 878, 890-91 (6th Cir.2002) (holding that when an agreement includes a severability provision, the intent of the parties and the policy in favor of arbitration dictate that the rest of agreement should be held enforceable); see also Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 675 (6th Cir.2003).
Based on the foregoing and the full analysis provided by the district court in its opinion in this case, we AFFIRM the judgment of the district court.

. The court eventually certified two classes— students and former students — but the same attorney represents them all here, making this a distinction without a difference at this point.

. In this provision, "V means the borrower (i.e., student) and "you” means the lender (i.e., Sallie Mae).