U.S. Bank N.A. v Ehrlich (2021 NY Slip Op 03627)





U.S. Bank N.A. v Ehrlich


2021 NY Slip Op 03627


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-02845
2017-02846
2017-10439
2017-10441
 (Index No. 53397/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Lori Ehrlich, et al., appellants, et al., defendants.


Tirelli & Wallshein PLLC, Melville, NY (Charles Wallshein of counsel), for appellants.
Goodwin Procter, LLP, New York, NY (Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lori Ehrlich appeals from (1) an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated January 24, 2017, and (2) an order of the same court, also dated January 24, 2017, and the defendants Lori Ehrlich and Jerome Neuburger appeal from (3) an order of the same court dated September 8, 2017, and (4) a judgment of foreclosure and sale of the same court dated September 8, 2017. The first order dated January 24, 2017, insofar as appealed from, in effect, upon renewal, in effect, vacated a prior determination in an order of the same court dated February 29, 2016, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Lori Ehrlich, to strike her answer, and for an order of reference, and thereupon granted those branches of that motion. The second order dated January 24, 2017, insofar as appealed from, in effect, upon renewal, granted the same relief as the first order dated January 24, 2017. The order dated September 8, 2017, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon the two orders dated January 24, 2017, and the order dated September 8, 2017, inter alia, directed the sale of the subject property.
ORDERED that the appeals from the two orders dated January 24, 2017, and the order dated September 8, 2017, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, (1) those portions of the first order dated January 24, 2017, as, in effect, upon renewal, in effect, vacated the prior determination in the order dated February 29, 2016, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Lori Ehrlich and Jerome Neuburger, to strike their answer, and for an order of reference, and thereupon granted those branches of that motion, are vacated and, upon renewal, the determination in the order dated February 29, 2016, denying those branches of the plaintiff's motion [*2]which were for summary judgment on the complaint insofar as asserted against the defendants Lori Ehrlich and Jerome Neuburger, to strike their answer, and for an order of reference is adhered to, (2) the second order dated January 24, 2017, is modified accordingly, and the (3) the order dated September 8, 2017, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendants Lori Ehrlich and Jerome Neuburger.
The appeals from the two orders dated January 24, 2017, and the order dated September 8, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendants Lori Ehrlich and Jerome Neuburger (hereinafter together the defendants), among others, to foreclose a mortgage, alleging, among other things, that the defendants defaulted under the terms of the note and mortgage, and that it had complied with RPAPL 1304. In their answer, the defendants, inter alia, generally denied the allegations in the complaint and asserted lack of standing and noncompliance with RPAPL 1304 as affirmative defenses. In 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order dated February 29, 2016, the Supreme Court denied the motion. The court determined, inter alia, that the plaintiff had standing but failed to submit proof of compliance with RPAPL 1304.
On October 5, 2016, the plaintiff moved, in effect, for leave to renew its prior motion, inter alia, for summary judgment, submitting additional proof. The defendants opposed the motion based, principally, upon an alleged factual inaccuracy in the contents of the RPAPL 1304 notice, but also based upon the plaintiff's noncompliance with the service requirements of RPAPL 1304. By order dated January 24, 2017, the Supreme Court, inter alia, in effect, upon renewal, in effect, vacated the prior determination in the February 29, 2016 order, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and thereupon granted those branches of that motion. The court determined that, although the plaintiff again failed to demonstrate compliance with RPAPL 1304, since the defendants, in opposition to the motion, conceded service of the 90-day notice and failed to challenge service of the notice, they raised no triable issue of fact on the issue. Therefore, the court concluded, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, evidence of the defendants' default thereunder, and proof of compliance with RPAPL 1304, and the defendants failed to raise a triable issue of fact in opposition to the motion. In a second order dated January 24, 2017, the court, in effect, upon renewal, granted the same relief as the first order of that date. Ehrlich appeals from both orders dated January 24, 2017.
In an order dated September 8, 2017, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. A judgment of foreclosure and sale was entered upon the January 24, 2017 orders, and the September 8, 2017 order, inter alia, directing the sale of the subject property. The defendants appeal from the order dated September 8, 2017, and the judgment of foreclosure and sale.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). "The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016 [internal quotation marks omitted]; see RPAPL 1304[2]; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050).
The plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of James Green, vice president of loan documentation at Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's servicing agent, along with a copy of a 90-day notice addressed to the defendants. The mailing required under that statute "'is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Although Green stated in his affidavit that the RPAPL 1304 notices were mailed by certified and first-class mail, and attached a copy of the notice, he had no personal knowledge of the mailing and the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the notices were actually mailed. Further, Green did not attest to familiarity with Well Fargo's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Accordingly, upon renewal, the Supreme Court should have adhered to the prior determination in the order dated February 29, 2016, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Moreover, contrary to the Supreme Court's determination, the defendants' opposition papers asserted noncompliance with RPAPL 1304 and made no admission that the plaintiff complied with the service provisions of that statute.
The Supreme Court properly declined to search the record and award the defendants summary judgment dismissing the complaint insofar as asserted against them, as there is no proof in the record affirmatively demonstrating that the RPAPL 1304 precondition was not satisfied (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911).
The defendants' remaining contention need not be reached in light of our determination.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court