Wells Fargo Bank, N.A. v Malek (2021 NY Slip Op 06644)





Wells Fargo Bank, N.A. v Malek


2021 NY Slip Op 06644


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-14408
 (Index No. 511199/15)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Joshua Malek, appellant, et al., defendants.


Wolf & Associates, PLLC, Brooklyn, NY (Martin Wolf of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joshua Malek appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 6, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, which had been denied by an order of the same court dated July 26, 2017, and, upon renewal, in effect, vacated so much of the order dated July 26, 2017, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and thereupon granted those branches of the plaintiff's prior motion.
ORDERED that the order dated August 6, 2018, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Joshua Malek and for an order of reference is denied, and so much of the order dated July 26, 2017, as denied those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Joshua Malek and for an order of reference is reinstated.
On June 1, 2005, the defendant Joshua Malek (hereinafter the defendant) executed a mortgage in favor of Fremont Investment & Loan to secure a promissory note executed on the same day in the principal sum of $720,000. In September 2015, the plaintiff commenced this action to foreclose the subject mortgage, alleging that the defendant defaulted on the note by failing to make the payment due on September 1, 2009, and all payments due thereafter. The defendant interposed an answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated July 26, 2017, the Supreme Court, among other things, denied those branches of the plaintiff's motion, determining, among other things, that the plaintiff had failed to establish its standing to maintain this action. Subsequently, the plaintiff moved, inter alia, for leave to renew those branches of its prior motion. In an order dated August 6, 2018, the court, among other things, granted that branch of the plaintiff's motion which was for [*2]leave to renew, and, upon renewal, in effect, vacated so much of the order dated July 26, 2017, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and thereupon granted those branches of the prior motion. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). "The requirement that a motion for leave to renew must be based on new facts is a flexible one" (Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658).
Although the standard to grant leave to renew is flexible, here, even assuming the plaintiff presented a reasonable justification for its failure to present the alleged new facts on its prior motion (see Nwauwa v Mamos, 53 AD3d 646, 649; see generally Betty v City of New York, 12 AD3d 472, 473), the Supreme Court should have denied renewal as the plaintiff's new submissions did not establish its standing to maintain this action (see generally Amtrust-NP SFR Venture, LLC v Thompson, 181 AD3d 762, 765; Young Soo Chi v Castelli, 112 AD3d 816, 817).
A plaintiff may establish its standing in a mortgage foreclosure action by demonstrating that it was the holder of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515). "A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1515). As relevant herein, the "'indorsement must be . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof'" (id. at 1515-1516, quoting UCC 3-202[2]).
Here, as part of its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, the plaintiff argued that it had established its standing as the holder of the note by annexing to the complaint a copy of the note, allegedly endorsed in blank. However, as noted by the Supreme Court in denying the prior motion, the endorsement in blank was reproduced on a separate sheet of paper. The court noted that, although the plaintiff's attorney stated at oral argument on the motion that the stamp was on the back of the last page of the original note, the plaintiff's attorney lacked first hand knowledge of that fact (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1516).
In support of renewal, the plaintiff's attorney submitted an affirmation indicating that he had since examined the original note and determined that an endorsement in blank is on the back of the fourth page of the note. However, contrary to the Supreme Court's determination, counsel's affirmation and the related "attorney certified" copy of the note submitted therewith do not establish that the plaintiff possessed the note, so endorsed in blank, at the time it commenced this action.
Moreover, the affidavit of possession of the original note submitted in support of renewal by Frank Rosas, the vice president of the plaintiff's servicing agent, Nationstar Mortgage, LLC (hereinafter Nationstar), also failed to establish the plaintiff's standing as the holder of the note at the time the action was commenced. In particular, while Rosas averred based on his examination of unspecified "business records related to the subject mortgage loan" that Nationstar, as agent for the plaintiff, obtained possession of the note on January 23, 2014, and had possession of the note on or before the date that this action was commenced, Rosas failed to annex the subject business records to his affidavit. As such, Rosas's averments regarding the contents of those business records were inadmissible hearsay (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206; see also JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1516-1517).
In light of our determination, we need not reach the defendant's remaining contentions.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court