Deutsche Bank Natl. Trust Co. v Crosby (2022 NY Slip Op 00402)





Deutsche Bank Natl. Trust Co. v Crosby


2022 NY Slip Op 00402


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


2018-06840
 (Index No. 4135/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Janice Crosby, appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Houser LLP, New York, NY (Michael C. Hughes of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janice Crosby appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 19, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Janice Crosby, to strike that defendant's answer and twelfth affirmative defense, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Janice Crosby, to strike that defendant's answer, and for an order of reference, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof referring the matter to a referee to ascertain and compute the amount due to the plaintiff; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On June 19, 2006, the defendant Janice Crosby (hereinafter the defendant) executed a note in the sum of $528,000 in favor of IndyMac Bank, F.S.B. (hereinafter IndyMac). The note was secured by a mortgage on residential property in Brooklyn. By Assignment of Mortgage dated September 9, 2009, Mortgage Electronic Registration Systems, Inc., as nominee for IndyMac, assigned the mortgage to Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR23, Mortgage Pass-Through Certificates, Series 2006-AR23 under the Pooling and Servicing Agreement dated July 1, 2006 (hereinafter the plaintiff). On May 10, 2010, the defendant executed a loan modification agreement. The defendant allegedly defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on August 1, 2010, and thereafter.
On or about February 21, 2012, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer dated April 2, 2012, in which she asserted, inter alia, various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304, that the plaintiff lacked standing, and, as a twelfth affirmative defense, that the signatures on the note and mortgage provided by the plaintiff were not hers.
By notice of motion dated March 16, 2015, the plaintiff moved, inter alia, for [*2]summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion. The defendant submitted with her opposition papers her affidavit dated April 14, 2015, stating, inter alia, that she "[did] not recall signing all of the alleged loan documents presented by the Plaintiff" and that the "signatures on the loan documents [were] not [hers]," along with a "Document Examiner Letter of Opinion," sworn to by Robert Baier, a "Forensic Document Examiner," on November 29, 2012. In an order dated December 14, 2015, the Supreme Court denied the motion, finding a triable issue of fact with respect to the defendant's contention that her signature was forged based on Baier's expert opinion. The court directed that the parties proceed to discovery, after which either party could make "any further motions." On May 25, 2016, the defendant's deposition was taken.
In May 2017, the plaintiff filed a second motion, inter alia, for summary judgment. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her for failure to comply with RPAPL 1306. The defendant submitted, inter alia, her affidavit dated April 14, 2015; her affidavit dated June 29, 2017, in which she denied receiving a notice of default dated November 10, 2010, or a RPAPL 1304 notice dated August 26, 2011; and Baier's letter of opinion. The plaintiff later withdrew its May 2017 summary judgment motion, and it does not appear from the record that the Supreme Court decided the defendant's cross motion.
By notice of motion dated October 9, 2017, the plaintiff again moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In support of the motion, the plaintiff submitted the affidavit of Shannon Childs (hereinafter the Childs affidavit), an employee of Ocwen Financial Corporation, "whose indirect subsidiary is Ocwen Loan Servicing, LLC," the plaintiff's "loan servicer and attorney-in-fact." The plaintiff argued, among other things, that the defendant ratified the allegedly forged note and mortgage by continuing to make mortgage payments and by executing the loan modification agreement. The defendant opposed the motion, annexing to her opposing papers, among other things, her affidavit dated June 29, 2017, and Baier's letter of opinion.
In an order dated March 19, 2018, the Supreme Court granted the plaintiff's motion and, among other things, referred the matter to a referee. The defendant appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 791; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Here, in support of its motion, the plaintiff submitted the note, the mortgage, and the Childs affidavit, in which Childs attested that the defendant defaulted under the terms of the loan and the modification agreement by failing to make the payments due on August 1, 2010, and thereafter.
The plaintiff established, prima facie, that there was no merit to the defendant's twelfth affirmative defense, alleging that the signatures on the note and mortgage were not hers. "Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384; see 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 799). "Although an expert's opinion is not required to establish a triable issue of fact regarding a forgery allegation, where an expert is used to counter the moving party's prima facie proof, the expert opinion must be in admissible form and state with reasonable professional certainty that the signature at issue is not authentic" (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d at 384). Here, in his letter of opinion, Baier did not opine as to the authenticity of the signature on the note, and the defendant admitted at her deposition that the signature on the mortgage "looked like [hers]." In opposition, the defendant failed to raise a triable issue of fact as to the authenticity of the signatures on the note and mortgage.
In any event, contrary to the defendant's contention, the plaintiff established, prima facie, that the defendant ratified the allegedly forged note by continuing to make mortgage payments after receiving copies of the allegedly forged documents a "couple of months" after the closing and by retaining the benefits of the loan transaction and executing the loan modification agreement while [*3]aware of the alleged fraud (see BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1157; Confidential Lending, LLC v Nurse, 120 AD3d 739, 741; Moweta v Citywide Home Improvements of Queens,, 267 AD2d 438, 439). In opposition, the defendant failed to raise a triable issue of fact as to whether she ratified the note. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the defendant's twelfth affirmative defense alleging that the signatures on the note and mortgage were not hers.
However, the plaintiff failed to establish, prima facie, its standing to commence the action. Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 868; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872). A plaintiff establishes its standing to commence a foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011).
Contrary to the plaintiff's contention, the record does not reflect that a copy of the endorsed note was attached to the summons and complaint when the action was commenced (cf. U.S. Bank N.A. v Rowe, 194 AD3d 978, 980). Moreover, the plaintiff failed to establish its status as the holder of the note at the time of commencement of the action based on the Childs affidavit. In her affidavit, Childs, a Senior Loan Analyst employed by Ocwen Financial Corporation, "whose indirect subsidiary is Ocwen Loan Servicing, LLC," the plaintiff's loan servicer and attorney-in-fact, averred that the plaintiff received the endorsed note on June 22, 2006. However, because Childs did not attest that she was personally familiar with the plaintiff's record-keeping practices and procedures, the plaintiff failed to demonstrate that the records relied upon by Childs were admissible under the business records exception to the hearsay rule (see EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584-585; Aurora Loan Servs., LLC v Ang, 150 AD3d 649, 650-651). Furthermore, since the plaintiff failed to submit the mortgage loan schedule to a Pooling and Servicing Agreement dated July 1, 2006 (hereinafter the PSA), which would have shown whether the note was assigned to the subject trust, it failed to demonstrate that, as trustee under the PSA, it had standing as an assignee of the note under the PSA (cf. US Bank N.A. v Davis, 196 AD3d 530, 532). Since the plaintiff based its claim of standing on its physical possession of the note and on an assignment of the note under the PSA, the parties' contentions with respect to the validity of the Assignment of Mortgage dated September 9, 2009, are irrelevant (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 869).
The plaintiff also failed to establish, prima facie, that it complied with the condition precedent contained in the mortgage agreement, which required that it provide the defendant with a notice of default prior to demanding payment of the loan in full. The evidence submitted by the plaintiff did not establish that a notice of default was mailed by first-class mail or actually delivered to the defendant's "notice address" if sent by other means, as required by the terms of the mortgage agreement (US Bank N.A. v Singh, 147 AD3d 1007, 1007). In her affidavit, Childs failed to provide proof of a standard office mailing procedure and provided no independent evidence of the actual mailing (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 820). For the same reason, the plaintiff failed to establish, prima facie, that it sent the defendant the required notice under RPAPL 1304 (see U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 986).
In view of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and HINDS-RADIX, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court