Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma (2023 NY Slip Op 00224)

Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma

2023 NY Slip Op 00224

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-06368
 (Index No. 24683/08)

[*1]Residential Mortgage Loan Trust 2013-TT2, etc., appellant, 
v
Anyanwu Kaodichimma, respondent.

Berkman Henoch Peterson Peddy & Fenchel, P.C., Garden City, NY (Bruce J. Bergman and Radjai D. Singh of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated January 2, 2020. The order denied the plaintiff's motion for summary judgment on the second amended complaint and to strike the defendant's answer.
ORDERED that the order is affirmed, with costs.
In August 2008, the plaintiff's predecessor in interest commenced this action which originally sought to foreclose a mortgage securing certain real property in Brooklyn. In November 2016, the Supreme Court, inter alia, granted the plaintiff's motion for leave to amend the amended complaint, and to substitute itself as the plaintiff in this action. The second amended complaint contained only one cause of action which was to recover on a promissory note that the plaintiff alleged the defendant had executed but had defaulted upon by failing to make the required payments thereunder. The defendant interposed an answer, asserting several affirmative defenses, including that the plaintiff lacked standing.
Thereafter, the plaintiff moved for summary judgment on the second amended complaint and to strike the defendant's answer, and the defendant opposed. In an order dated January 2, 2020, the Supreme Court denied the plaintiff's motion on the ground that the plaintiff failed to establish its standing as holder of the note. The plaintiff appeals.
"To establish a prima facie case in an action to recover on a promissory note, the plaintiff must submit the note, along with evidence of the defendants' failure to make payments on the note according to its terms" (Bethpage Fed. Credit Union v Luzzi, 177 AD3d 944, 945; see Melrose Credit Union v Itskovish, 208 AD3d 472, 473-474). "Moreover, where, as here, the issue of standing is raised by the defendants in their answer, the plaintiff must also prove its standing as part of its prima facie case" (Bethpage Fed. Credit Union v Luzzi, 177 AD3d at 946; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). A plaintiff can establish its standing by demonstrating that it was either "the holder or assignee of the underlying note at the time the action [was] commenced" (OneWest Bank, FSB v Berino, 158 AD3d 811, 812; see U.S. Bank N.A. v Handler, 140 [*2]AD3d 948, 949). "'A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced'" (Wells Fargo Bank, N.A. v Malek, 199 AD3d 1040, 1041, quoting JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513,1515).
In support of its motion, the plaintiff did not assert that it had standing at the time the action was commenced nor did it assert that its predecessor in interest had standing at the time of commencement. Instead, the plaintiff noted that it had attached a copy of the note to the second amended complaint and contended, inter alia, that it had acquired possession of the note in October 2013. Notably, the note it attached to the second amended complaint was not endorsed in blank nor was it specially endorsed to the plaintiff. Significantly, the plaintiff also failed to establish that its predecessor in interest had standing when the action was commenced (see SK Indus., LLC v Jackson, 198 AD3d 830, 830-832; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174). Here, although the plaintiff's predecessor in interest also attached a copy of the note to the original complaint, that note was not endorsed in blank, nor was it specially endorsed to the plaintiff's predecessor in interest (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 982). Thus, the plaintiff's submission of the complaint, the amended complaint, and the second amended complaint, all with a note attached thereto, failed to establish the standing of either the plaintiff or its predecessor in interest as the holder of the note at the time the action was commenced (see Wells Fargo Bank, N.A. v Malek, 199 AD3d at 1042).
The affidavit of a senior vice president of the plaintiff's servicer submitted by the plaintiff in support of its motion also failed to establish the standing of the plaintiff or its predecessor in interest as the holder or assignee of the note. The affidavit did not establish a foundation as to how that affiant obtained personal knowledge of documents purportedly possessed by the plaintiff and did not attach any documents (see Wells Fargo Bank, N.A. v Malek, 199 AD3d at 1042; Bank of N.Y. Mellon v Gordon, 171 AD3d at 205-206).
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
Since the plaintiff failed to establish its standing, the Supreme Court properly denied its motion for summary judgment on the second amended complaint and to strike the defendant's answer, regardless of the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; U.S. Bank N.A. v Ehrlich, 195 AD3d 765, 768).
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court