Thompson v Seay (2023 NY Slip Op 06072)

Thompson v Seay

2023 NY Slip Op 06072

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-07570
 (Index No. 607630)

[*1]Renee Harris Thompson, etc., respondent, 
v
Carlton H. Seay, appellant, et al., defendants.

Law Offices of David L. Singer, P.C., Melville, NY, for appellant.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Lisa J. Ross of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carlton H. Seay appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated September 9, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that branch of that defendant's cross-motion which was to schedule a settlement conference pursuant to CPLR 3408.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Carlton H. Seay and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2018, the plaintiff, as executor of the estate of George Harris (hereinafter the decedent), commenced this action against, among others, the defendant Carlton H. Seay (hereinafter the defendant) to foreclose a mortgage given to the decedent. In his answer, the defendant asserted several affirmative defenses, including lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved, among other things, to schedule a settlement conference pursuant to CPLR 3408. In an order dated September 9, 2021, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. The defendant appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (see U.S. Bank, N.A. v Hadar, 206 AD3d 688, 689; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff can establish standing by attaching a properly endorsed note to the complaint when commencing the action (see U.S. Bank N.A. v Hadar, 206 AD3d at 689; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). However, where an endorsement is on an allonge and not [*2]on the note itself, the plaintiff must establish that the allonge was "so firmly affixed to the note so as to become a part thereof" as required by UCC 3-202(2) at the time the action was commenced (U.S. Bank N.A. v Moulton, 179 AD3d 734, 737). "Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note" (id. at 737).
Here, the plaintiff failed to establish her status as holder of the note at the time the action was commenced. Although the note was executed in favor of the decedent, the copy of the note attached to the complaint contains two purported endorsements in favor of nonparties, and the plaintiff failed to show that an allonge containing an additional endorsement back to the decedent was firmly affixed to the note (see Nationstar Mtge., LLC v Calomarde, 201 AD3d 940, 942; U.S. Bank N.A. v Moulton, 179 AD3d at 737).
However, the Supreme Court properly denied that branch of the defendant's cross-motion which was to schedule a settlement conference pursuant to CPLR 3408. CPLR 3408 mandates settlement conferences where, among other things, the loan secured by the mortgage was primarily for personal, family, or household purposes (see RPAPL 1304[6][a][1]; Independence Bank v Valentine, 113 AD3d 62, 66-67). Here, the complaint alleged that the defendant operates a memorial chapel from the property, and the defendant affirmed in support of his cross-motion that he "no longer operate[s] any business out of the property" without elaboration. The defendant therefore failed to establish that his mortgage loan falls within the ambit of CPLR 3408.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court