Bayview Loan Servicing, LLC v Healey (2024 NY Slip Op 04054)

Bayview Loan Servicing, LLC v Healey

2024 NY Slip Op 04054

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03833
 (Index No. 608276/17)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Nancy Healey, etc., appellant, et al., defendants.

Nancy Healey, East Quogue, NY, appellant pro se.
Sahn Ward PLLC, Uniondale, NY (Andrew M. Roth of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendant Nancy Healey appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 4, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and to direct the Suffolk County Clerk to record the subject mortgage, directed the Suffolk County Clerk to record the subject mortgage, nunc pro tunc to May 2, 2017, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Clerk of the Suffolk County First District Court, and denied that branch of the motion of the defendant Nancy Healey which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Clerk of the Suffolk County First District Court is dismissed, as the defendant Nancy Healey is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nancy Healey and to direct the Suffolk County Clerk to record the subject mortgage, and directing the Suffolk County Clerk to record the subject mortgage, nunc pro tunc to May 2, 2017, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Nancy Healey.
In February 2008, the defendant Nancy Healey (hereinafter the defendant) executed a note in the amount of $384,500 in favor of nonparty Capital One Home Loans, LLC (hereinafter Capital One). The note was secured by a mortgage on certain real property located in Suffolk County. The mortgage was never recorded.
In April 2017, the plaintiff, Capital One's purported successor in interest, commenced [*2]this action against the defendant, among others. The complaint sought, pursuant to RPAPL article 15, "to declare that Plaintiff holds an equitable mortgage upon the Subject Property, or alternatively, to direct the Suffolk County Clerk to record, as an original, a copy of the mortgage hereinafter described and that such mortgage be declared to constitute a first lien against title to the Subject Property, with priority over all other liens."
In November 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to direct the Suffolk County Clerk to record the mortgage. In support, the plaintiff submitted copies of the note and the mortgage. The plaintiff also submitted the affidavit of Jessica E. Fernandez, an assistant vice president of the plaintiff. Fernandez averred that, "[f]ollowing the execution of the Subject Mortgage, and prior to the commencement of this Action, Capital One endorsed the Promissory Note and delivered same to JPMorgan Chase Bank, N.A. ('JPMorgan') who in turn, endorsed and delivered the Promissory Note to the Plaintiff." Fernandez did not state that she was familiar with the plaintiff's record-keeping practices, and did not attach to her affidavit any business records regarding the delivery of the note to the plaintiff.
The defendant opposed the plaintiff's motion and moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to record the mortgage. The defendant argued, among other things, that the plaintiff lacked standing to compel the recording of the mortgage because no business records were offered in support of Fernandez's affidavit and Fernandez otherwise failed to prove personal knowledge of Bayview's record keeping practices and procedures.
In opposition to the defendant's motion and in reply, the plaintiff submitted a second affidavit from Fernandez. In her second affidavit, Fernandez averred that she was familiar with the plaintiff's records and record-keeping practices. She also attached a business record. The business record states that it is a "Certification," dated February 27, 2014, regarding "BAYVIEW-CHASE2." It also states, "Document User Key: NOTE." It does not mention the defendant or otherwise identify the specific note to which it refers. In addition, the business transaction log number on the business record does not appear on the note.
In an order dated March 4, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to direct the Suffolk County Clerk to record the subject mortgage, directed the Suffolk County Clerk to record the mortgage, nunc pro tunc to May 2, 2017, and denied that branch the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff lacked standing. The defendant appeals.
Contrary to the determination of the Supreme Court, the plaintiff was required to demonstrate standing in order to establish its entitlement to record the mortgage (see JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1222-1223). Moreover, the plaintiff failed to demonstrate such standing in this case. A plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Hadar, 206 AD3d 688, 689). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the . . . action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see U.S. Bank, N.A. v Hadar, 206 AD3d at 689). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the affidavits of Fernandez were insufficient to establish the plaintiff's standing to record the mortgage. Although Fernandez's second affidavit provided a proper foundation for the admission of business records, and attached a business record (cf. Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma, 212 AD3d 742, 743), "[i]t is the business record itself, not the [*3]foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; see U.S. Bank v Kahn Property Owner, LLC, 206 AD3d 850, 851). The business record attached to Fernandez's second affidavit failed to establish, prima facie, that the plaintiff had possession of the note prior to commencing the instant action, as it failed to mention the defendant or otherwise identify the note to which it was referring. Moreover, the business record identifies itself merely as a "Certification." It does not state when the note was either delivered to or assigned to the plaintiff.
Therefore, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to direct the Suffolk County Clerk to record the mortgage.
However, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff lacked standing. Although the plaintiff failed to establish, prima facie, that it had standing to record the mortgage, the defendant failed to submit any evidence to establish, prima facie, that the plaintiff did not have standing to record the mortgage (see BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925-926).
The parties' remaining contentions either are not property before this Court or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court