LCS Capital, LLC v Luis (2025 NY Slip Op 01211)

LCS Capital, LLC v Luis

2025 NY Slip Op 01211

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-07969
 (Index No. 707071/22)

[*1]LCS Capital, LLC, respondent, 
v
Jose Luis, appellant.

Brooklyn Legal Services, Brooklyn, NY (Johnson M. Tyler and Tanya Wong of counsel), for appellant.
D.J. & J.A. Cirando, PLLC, Syracuse, NY (John A. Cirando and Rebecca L. Konst of counsel), for respondent.

DECISION & ORDER
In an action to recover on two promissory notes, the defendant appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 26, 2023. The order granted the plaintiff's motion for summary judgment on the complaint and denied the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
In April 2012, the defendant and his son executed a promissory note in the sum of $25,296, payable to Sallie Mae, to fund the costs of the son's study and housing at a computer animation training program offered by Full Sail University. In December 2012, the defendant and his son executed a second promissory note in the sum of $30,000, payable to Sallie Mae. In April 2022, the plaintiff commenced this action against the defendant to recover on the promissory notes. The plaintiff moved for summary judgment on the complaint. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff failed to establish its standing and that the defendant was not obligated to repay the notes based on alleged deceptive conduct by Full Sail University. In an order entered May 26, 2023, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
"To establish a prima facie case in an action to recover on a promissory note, the plaintiff must submit the note, along with evidence of the defendants' failure to make payments on the note according to its terms" (Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma, 212 AD3d 742, 742 [internal quotation marks omitted]; see Bethpage Fed. Credit Union v Luzzi, 177 AD3d 944, 946; Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 789-790). "'Moreover, where, as here, the issue of standing is raised by the defendant[ ] in [his or her] answer, the plaintiff must also prove its standing as part of its prima facie case'" (Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma, 212 AD3d at 742, quoting Bethpage Fed. Credit Union v Luzzi, 177 AD3d at 946).
"A plaintiff can establish its standing by demonstrating that it was either the holder or assignee of the underlying note at the time the action [was] commenced" (id. at 743 [internal quotation marks omitted]; see Emigrant Bank v Kaufman, 223 AD3d 650, 652; Hudson City Sav. Bank v Ellia, 210 AD3d 750, 752). "'A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced'" (Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma, 212 AD3d at 743 [internal quotation marks omitted], quoting Wells Fargo Bank, N.A. v Malek, 199 AD3d 1040, 1041; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515). "'Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of [an] action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note'" (Thompson v Seay, 221 AD3d 932, 933, quoting U.S. Bank N.A. v Moulton, 179 AD3d 734, 737).
Contrary to the plaintiff's contention, the record does not reflect that copies of the endorsed notes were attached to the summons and complaint when the action was commenced (see Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878, 881-882). Notably, the copies of the notes submitted in support of the plaintiff's motion contained no endorsement, either on the signature page or in an allonge. Thus, the plaintiff failed to establish, prima facie, its standing as the holder of the notes based on physical possession at the time the action was commenced (see Emigrant Bank v Kaufman, 223 AD3d at 653; Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma, 212 AD3d at 743; CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 619). Furthermore, since the plaintiff failed to submit an account schedule to a bill of sale and assignment, which would have shown whether the subject notes were assigned to the plaintiff pursuant to that agreement, the plaintiff failed to demonstrate, prima facie, that it had standing as assignee of the notes (see Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d at 882; cf. Bank of N.Y. Mellon v Selig, 213 AD3d 894, 896). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint.
The Supreme Court properly denied the defendant's cross-motion for summary judgment dismissing the complaint based on his affirmative defense, in effect, alleging deceptive conduct by Full Sail University in violation of General Business Law § 349. The promissory notes provide, in conformance with federal law (see 16 CFR 433.2), that their holder is subject to all claims and defenses that the debtor could assert against the seller of the goods or services obtained with the proceeds of the loan, here, Full Sail University (see Ramirez v National Coop. Bank [NCB], 91 AD3d 204, 207; Gill v Caribbean Home Remodeling Co., 73 AD2d 609, 609; Hutton v Wade Mar. Corp., 69 AD2d 896, 896; see also Smith v ComputerTraining.com Inc., 772 F Supp 2d 850, 853 [ED Mich], affd 531 Fed Appx 713 [6th Cir]). However, the defendant failed to demonstrate, prima facie, that the allegedly deceptive acts were "'likely to mislead a reasonable consumer acting reasonably under the circumstances'" (U.S. Bank N.A. v Pia, 73 AD3d 752, 754, quoting Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26).
The defendant's remaining contention need not be addressed in light of our determination.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court