| U.S. Bank Trust N.A. v Mary E. Dudla Family Trust |
|:---:|
| 2026 NY Slip Op 31153(U) |
| March 30, 2026 |
| Supreme Court, Washington County |
| Docket Number: Index No. EC2021-33137 |
| Judge: Kathleen B. Hogan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

STATE OF NEW YORK
SUPREME COURT                                      COUNTY OF WASHINGTON

_____

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF THE CABANA SERIES IV TRUST,

                              Plaintiff,          DECISION & ORDER
                                                  Index No.: EC2021-33137

          -against-

MARY E. DUDLA FAMILY TRUST,

                              Defendants.

_____

HOGAN, J.

          U.S. Bank Trust National Association (hereinafter "plaintiff") moves to renew and reargue

the court's November 13, 2025, decision and order denying their motion for summary judgment

to foreclose on the house of decedent mortgagor, Mary E. Dudla (hereinafter "mortgagor"), located

on 106 Kelsey Pond Lane, Fort Ann, New York 12827 and dismissing their complaint.

Mortgagor's children (hereinafter "the defendants") oppose the motion, claiming the court's prior

decision and order properly held that an intervening tax foreclosure eliminated plaintiff's

encumbrance on the property and passed clean title to mortgagor through a tax deed.[1]

          To be granted a motion to renew, plaintiff must first demonstrate that the request is based

upon "new evidence" (CPLR §2221[e]). A motion to reargue is "based upon matters of fact or law

allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR

_____

[1] The children are all beneficiaries of the Mary E. Dudla Family Trust. Upon Ms. Dudla's death, her estate was initially joined in the action. Upon probate of the will, it was determined the property had been transferred into the Mary E. Dudla Family Trust, and the Trust was then substituted as the proper party defendant.

[* 1]

§2221(d)(2)). Plaintiff's new evidence is that after obtaining title through the tax deed in 2013, mortgagor entered into a loan modification agreement with the plaintiff on April 11, 2014, and made mortgage payments pursuant to that agreement.[2] While these facts were certainly known to the plaintiff at the time of the original motion, the court overlooked the loan modification agreement at the time of the November 13, 2025, decision and order. Therefore, the Court will consider this evidence in the interest of justice (*Daniels v City of New York*, 291 AD2d 260 [1[st] Dept 2002]). The court's analysis stopped with the transfer of title through the tax deed in 2013 and did not consider what happened thereafter. Hence, the plaintiff's motion to reargue and renew are granted.

The defendants agree that mortgagor received and retained the benefit of compensation through a mortgage, entered into a loan modification agreement with plaintiff in 2014 and made mortgage payments to plaintiff thereafter. The loan modification agreement specifically states that it is an amendment to the original mortgage which is incorporated into the agreement through specific reference, including the instrument number and record of the filed note. The loan modification agreement also contains a description of the property encumbered and the amount mortgagor agreed to pay, together with an agreed upon monthly payment plan. The loan modification agreement states that the mortgagor agrees to "be bound by, and comply with, all of the terms and provisions" of the original mortgage as modified by this agreement. Mortgagor's notarized signature is affixed to the loan modification agreement. These facts are undisputed. Plaintiff contends mortgagor ratified the mortgage by entering into this loan modification agreement and continuing to make payments.

---

[2] Mortgagor signed the loan modification agreement on April 11, 2014, and it was recorded with the Washington County Clerk on April 3, 2015. The loan modification agreement is attached the original complaint as Exhibit "D".

2

"Ratification occurs when a party "accepts the benefits of a contract and fails to act promptly to repudiate it" (*Clover Private Credit Opportunities Origination (Levered) II, LP v Sandberg*, 227 AD3d 540 (1st Dept 2024]) (internal quotations and citations omitted). In this case, mortgagor "ratified the… note by continuing to make mortgage payments after" receiving title through the tax deed "and by retaining the benefits of the loan transaction and executing the loan modification agreement while aware of" the tax foreclosure and having obtained title through the tax deed (*Deutsche Bank National Trust Company v Crosby*, 201 AD3d 878, 881 [2d Dept 2022]; see also *BAC Home Loans Servicing, LP v Uvino*, 155 AD3d 1155 [3d Dept 2017]). In short, mortgagor retained the benefits of the original mortgage and entered a binding contract with the plaintiff when she executed the loan modification agreement. The mortgagor further evinced her commitment to be bound by the terms of the modified mortgage by making payments to plaintiff. This commitment is binding on the defendants.

**ACCORDINGLY,** it is hereby

**ORDERED,** that the plaintiff's motion to reargue and renew is granted; and it is further

**ORDERED,** that the court's November 13, 2025, Decision and Order is rescinded; and it is further

**ORDERED,** that the plaintiff's motion for summary judgment is granted.

Dated: March 30, 2026
Saratoga Springs, New York

ENTER:

_____
Honorable Kathleen B. Hogan

3

[* 3]