Deutsche Bank Natl. Trust Co. v McGann (2020 NY Slip Op 02765)





Deutsche Bank Natl. Trust Co. v McGann


2020 NY Slip Op 02765


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-09697
2018-00836
2018-00837
 (Index No. 8771/12)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Michael McGann, et al., appellants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael McGann and Winston Brown appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 16, 2017, (2) an order of the same court dated December 5, 2017, and (3) a judgment of foreclosure and sale of the same court entered December 6, 2017. The order entered February 16, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answers, and for an order of reference, and appointed a referee. The order dated December 5, 2017, confirmed the referee's report and granted the plaintiff's motion for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon the orders, inter alia, directed the sale of the mortgaged property.
ORDERED that the appeals from the order entered February 16, 2017, and the order dated December 5, 2017, are dismissed; and it further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael McGann and Winston Brown, to strike their answers, and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the order entered February 16, 2017, and the order dated December 5, 2017, are modified accordingly; and it is further,
ORDERED that the appellants are awarded one bill of costs.
The appeals from the order entered February 16, 2017, and the order dated December 5, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d [*2]at 248).
In May 2005, the defendants Michael McGann and Winston Brown (hereinafter together the defendants) executed a note for $520,000 in favor of New Century Mortgage Corporation. The note was secured by a mortgage on certain property located in Nassau County. In 2012, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage.
In 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference. In support of its motion, the plaintiff submitted, among other things, the note, the mortgage, a modification agreement, assignments of the note and mortgage, and an affidavit from Elizabeth A. Ostermann, the Vice President of Carrington Mortgage Services, LLC, the plaintiff's loan servicer. In her affidavit, Ostermann averred that based on her "personal knowledge" of the facts or her "review of the note, mortgage and other loan documents" and "related business records" which were made by her "or from information transmitted by a person with knowledge of the events," "at or near the time of the events" and "kept in the ordinary course of the regularly conducted business activity," "the [d]efendants failed to comply with the terms of the Note and Mortgage . . . by defaulting in the payment that became due on May 1, 2009, and monthly thereafter." The only business record annexed to the plaintiff's summary judgment motion with regard to the default was a copy of the notice of default.
In an order entered February 16, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference. A referee subsequently issued a report concluding that the defendants owed $982,312.15. The plaintiff moved for a judgment of foreclosure and sale, which was granted in an order dated December 5, 2017, and a judgment of foreclosure and sale was entered confirming the referee's report, and directing the sale of the subject property. The defendants appeal.
To establish its prima facie entitlement to summary judgment in a mortgage foreclosure action, a plaintiff must submit the mortgage, the unpaid note, and evidence of the mortgagor's default (see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126). A default is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208).
Here, Ostermann, in her affidavit, did not specifically state that she had personal knowledge of the default. Moreover, to the extent that her knowledge was based on her review of business records, she did not identify what records she relied on and she did not attach them to her affidavit. Thus, the plaintiff failed to submit evidence in admissible form to establish the defendants' default (see id. at 208-209). Since the plaintiff failed to establish, prima facie, that the defendants had defaulted on the subject note, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference (see JP Morgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516-1517).
Contrary to the defendants' contention, the plaintiff had standing to commence the action (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986; U.S. Bank N.A. v Akande, 136 AD3d 887, 890).
The defendants' remaining contentions have been rendered academic in light of our determination.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court