U.S. Bank N.A. v Rowe (2021 NY Slip Op 03209)





U.S. Bank N.A. v Rowe


2021 NY Slip Op 03209


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10901
 (Index No. 611113/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Roger Rowe, et al., appellants, et al., defendants.


Roger Rowe, Amityville, NY, appellant pro se.
Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant Lorena Rowe.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Roger Rowe and Lorena Rowe separately appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered July 11, 2019. The judgment of foreclosure and sale, upon an order of the same court dated June 26, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Roger Rowe and Lorena Rowe, to strike those defendants' answers, and for an order of reference, upon an order of the same court also dated June 26, 2018, inter alia, granting the same relief to the plaintiff and referring the matter to a referee to compute the amount due to the plaintiff, and upon an order of the same court dated July 5, 2019, inter alia, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Roger Rowe and Lorena Rowe, to strike those defendants' answers, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated June 26, 2018, and the order dated July 5, 2019, are modified accordingly.
In July 2016, the plaintiff commenced this action against, among others, the defendants Roger Rowe and Lorena Rowe (hereinafter together the defendants) to foreclose a mortgage securing a loan in the amount of $250,000. The defendants separately interposed answers in which they each asserted, as affirmative defenses, that the plaintiff lacked standing. In an order dated June 26, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference. In a separate order also dated June 26, 2018, the court, among other things, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. Subsequently, in an order dated July 5, 2019, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of [*2]foreclosure and sale, and the court thereafter entered a judgment of foreclosure and sale. The defendants separately appeal.
Contrary to Roger Rowe's contention, the plaintiff demonstrated, prima facie, its standing to commence the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 942; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223).
However, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to submit evidence demonstrating the defendants' default in payment (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739). In support of its motion, inter alia, for summary judgment, the plaintiff submitted copies of the note and mortgage, and an affidavit of Sherry Benight, an officer of Select Portfolio Servicing, Inc. (hereinafter SPS), the servicer for the loan. Based on her review of business records in the possession of SPS, Benight averred that the defendants defaulted in payment in August 2014. However, the only business records annexed to and incorporated in the affidavit with regard to the default was a notice of default dated March 3, 2015 (see Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719-720). Although Benight established that she was familiar with SPS's record-keeping practices and procedures, no payment records were proffered with the motion. "'[W]hile a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay'" (JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d at 719-720, quoting U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference, without regard to the sufficiency of the defendants' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d 875, 876).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court