Bank of Am., N.A. v Dudkevich (2021 NY Slip Op 05941)





Bank of Am., N.A. v Dudkevich


2021 NY Slip Op 05941


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2019-08756
 (Index No. 513357/15)

[*1]Bank of America, N.A., respondent,
v
Alexander Dudkevich, et al., defendants, Cintia Dudkevich, etc., appellant.


Cintia Dudkevich, Brooklyn, NY, appellant pro se.
Bonchonsky & Zaino, LLP, Garden City, NY (Christopher J. W. Verby and Peter Bonchonsky of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cintia Dudkevich appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated May 23, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated November 27, 2017, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On or about October 14, 2015, the plaintiff commenced the instant action against the defendant Cintia Dudkevich (hereinafter the defendant) and others to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant served an answer raising various affirmative defenses, including lack of personal jurisdiction and lack of standing. In May 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. In an order dated November 27, 2017, the Supreme Court granted the motion. The plaintiff subsequently moved for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated May 23, 2019, the court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property.
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its standing to commence the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Rowe, 194 AD3d 978, 980; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 942; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223). "There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v [*2]Weinberger, 142 AD3d 643, 645; see UCC 3-204[2]). Moreover, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362).
The plaintiff also established its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage agreement, the unpaid note, and evidence of default on the loan (see Bank of N.Y. v C & L Interiors, Inc., 168 AD3d 800, 801).
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact. The defendant waived the defense of lack of personal jurisdiction, as she failed to move to dismiss the complaint insofar as asserted against her on the ground of lack of personal jurisdiction based on improper service within 60 days after her answer was served (see CPLR 3211[e]), and did not claim any undue hardship that would have prevented her from making such a motion within the requisite statutory time period.
The defendant's remaining contentions are without merit.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court