Bank of N.Y. Mellon v Mannino (2022 NY Slip Op 05675)

Bank of N.Y. Mellon v Mannino

2022 NY Slip Op 05675

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-13834
2019-13835
 (Index No. 2091/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Anthony Mannino, et al., appellants, et al., defendants.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith Abramson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Anthony Mannino and Maria Mannino appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated September 18, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Anthony Mannino and Maria Mannino, to strike their answer, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the defendants Anthony Mannino and Maria Mannino.
On December 13, 2006, the defendants Anthony Mannino and Maria Mannino (hereinafter together the defendants) executed a note in the sum of $712,000 in favor of nonparty Mortgage Line Financial Corp., which was secured by a mortgage on certain real property in Massapequa Park. In March 2015, the plaintiff, as the alleged holder of the note, commenced this action to foreclose the mortgage against, among others, the defendants. In the defendants' answer, [*2]they asserted, inter alia, affirmative defenses and counterclaims including that the plaintiff failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated September 18, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied the defendants' cross motion. In a separate order, also dated September 18, 2018, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendants appeal from both orders.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878, 880; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1514-1515). "A plaintiff may establish a payment default by an admission made in response to a notice to admit (see CPLR 3212[b]; 3123), by an affidavit from 'a person having [personal] knowledge of the facts' (CPLR 3212[b]), or by other evidence 'in admissible form'" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507).
Here, the plaintiff failed to establish, prima facie, the defendants' default in payment by submitting the affidavit of Brian Nwabaka, an employee of its loan servicer, Bayview Loan Servicing, LLC (hereinafter Bayview). Nwabaka averred that, based upon his review of unspecified business records, the defendants defaulted in making monthly payments in October 2008. However, Nwabaka did not aver that he had personal knowledge of the defendants' alleged default in payment. Moreover, Nwabaka failed to identify which records he relied on to assert a default in payment, and the notice of default annexed to Nwabaka's affidavit was insufficient to establish the alleged default in payment (see United States Bank N.A. v Rowe, 194 AD3d 978, 980; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719; Bank of New York Mellon v Gordon, 171 AD3d at 208-209).
The plaintiff also failed to establish, prima facie, its strict compliance with RPAPL 1304. RPAPL 1304(1) provides that "at least 90 days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529).
Here, in support of its motion, the plaintiff submitted, inter alia, the affidavits of Nwabaka and Rosalind Carroll, document coordinator for Bayview, each of whom averred that the 90-day notices were sent by certified and first-class mail. However, neither Nwabaka nor Carroll attached any documents showing proof of mailing by first-class mail, nor did they aver that they had personal knowledge of the purported mailings or were familiar with the mailing practices and procedures of Bayview (see Wilmington Sav. Fund Socy., FSB v Novis, 200 AD3d 739, 741-742; 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 740-741; Caliber Home Loans, Inc. v Squaw, 190 AD3d 926, 927-928). Although Nwabaka attested to his familiarity with the mailing practices and procedures of Countrywide Home Loan, the prior loan servicer, he did not aver to familiarity with the mailing practices and procedures of Bayview, which purportedly sent the 90-day notices.
Accordingly, since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of [*3]reference, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Nevertheless, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1106; Nationstar Mtge., LLC v Matles, 185 AD3d 703, 707).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court