Wilmington Sav. Fund Socy., FSB v E39 St., LLC (2024 NY Slip Op 04417)

Wilmington Sav. Fund Socy., FSB v E39 St., LLC

2024 NY Slip Op 04417

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-08484
 (Index No. 525570/20)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
E39 Street, LLC, et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellants.
Waldman, Kalahar & Associates, PLLC, New York, NY (Jennie Shnayder of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants E39 Street, LLC, and Trinette Jackson appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 18, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants E39 Street, LLC, and Trinette Jackson and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants E39 Street, LLC, and Trinette Jackson and for an order of reference are denied.
The plaintiff commenced this action against the defendants E39 Street, LLC, and Trinette Jackson (hereinafter together the defendants), among others, to foreclose a consolidated mortgage on certain real property located in Brooklyn. After the defendants interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. By order dated August 18, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendants appeal.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). "A plaintiff may establish a payment default by an admission made in response to a notice to admit (see CPLR 3212[b]; 3123), by an affidavit from 'a person having [personal] knowledge of the facts' (CPLR 3212[b]), or by other evidence 'in admissible form'" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507).
Here, in support of its motion, the plaintiff submitted the affirmation of its counsel, Jennie Shnayder, who attested to the borrower's default in payment. However, Shnayder stated that the basis of her knowledge was her review of the complaint, and she did not attest that she had personal knowledge of the defendants' alleged default in payment or annex to her affirmation any other evidence thereof in admissible form. Contrary to the plaintiff's contention on appeal, the notice of default annexed to Shnayder's affirmation was insufficient to establish the alleged default in payment (see Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 708-709; U.S. Bank N.A. v Rowe, 194 AD3d 978, 980; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court