B of I Fed. Bank v Aramalla (2026 NY Slip Op 00112)

B of I Fed. Bank v Aramalla

2026 NY Slip Op 00112

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-09685
 (Index No. 605124/17)

[*1]B of I Federal Bank, appellant, 
vPurnachandra R. Aramalla, et al., respondents, et al., defendants.

Sheppard, Mullin, Richter & Hampton LLP, New York, NY (Daniel L. Brown, Michael T. Driscoll, Damani Sims, and Benjamin O. Gilbert of counsel), for appellant.
Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY (John W. Dunne of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered September 18, 2023. The order denied the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants Purnachandra R. Aramalla and Usha C. Aramalla and for an order of reference.
ORDERED that the order is affirmed, with costs.
In June 2017, the plaintiff commenced this action against the defendants Purnachandra R. Aramalla and Usha C. Aramalla (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Port Washington. In November 2021, the plaintiff filed an amended complaint, and the defendants answered.
In June 2023, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants and for an order of reference. In an order entered September 18, 2023, the Supreme Court denied the motion. The plaintiff appeals.
Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]). "'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (NS194, LLC v Gregg, 231 AD3d 1162, 1162, quoting U.S. Bank N.A. v Adams, 202 AD3d 867, 868). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing [*2]procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Adams, 202 AD3d at 868 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556; NS194, LLC v Gregg, 231 AD3d at 1162-1163).
Here, contrary to the defendants' contention and the Supreme Court's determination, the plaintiff established strict compliance with RPAPL 1304 by submitting proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Nationstar Mtge., LLC v Osikoya, 205 AD3d 1038, 1040; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826-827).
Nevertheless, the Supreme Court did not err in denying the plaintiff's motion, as the plaintiff failed to meet its burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962; US Bank N.A. v Hunte, 176 AD3d 894, 896). "It is well-settled that '[i]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default'" (Bank of N.Y. Mellon v Demasco, 226 AD3d 855, 856, quoting Zarabi v Movahedian, 136 AD3d 895, 895; see U.S. Bank N.A. v Chrismas-Beck, 219 AD3d 534, 536). Here, the plaintiff failed to submit admissible evidence establishing the defendants' default.
"Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts or other evidence in admissible form" (Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 737; see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702). "'[T]he business record exception to the hearsay rule applies to a "writing or record" (CPLR 4518[a]) [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d at 737-738, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). "Without the introduction of the records themselves, 'a witness's testimony as to the contents of the records is inadmissible hearsay'" (id. at 738, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d at 206).
Here, in support of its motion, the plaintiff submitted, inter alia, an affidavit of Michelle Barisdale, the plaintiff's first vice president, special assets manager. Based upon her review of the plaintiff's business records maintained in the ordinary course of business, including "the payment history for this loan," Barisdale attested to the defendants' default in payment. However, Barisdale failed to attach the business records on which she relied, nor did she aver that she had personal knowledge of the defendants' alleged default in payment (see Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 708). Thus, her averment to the defendants' default was inadmissible hearsay (see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d at 738; Bank of N.Y. Mellon v Gordon, 171 AD3d at 206). Contrary to the plaintiff's contention, the notices of default annexed to Barisdale's affidavit were insufficient to establish the alleged default in payment (see Wilmington Sav. Fund Socy., FSB v E39 St., LLC, 230 AD3d 1191, 1192; Bank of N.Y. Mellon v Mannino, 209 AD3d at 708-709).
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants and for an order of reference.
The parties' remaining contentions are either without merit or academic in light of our determination.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court