## Wilmington Sav. Fund Socy., FSB v Goldstein

### 2026 NY Slip Op 30952(U)

### March 10, 2026

### Supreme Court, New York County

### Docket Number: Index No. 850241/2024

### Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. FRANCIS A. KAHN, III

*Justice*

------------------------------------------------------------------------X

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER
TRUSTEE OF CSMC 2022-JR1 TRUST,

Plaintiff,

- v -

MITCHELL GOLDSTEIN, BOARD OF MANAGERS OF THE
RUPPERT YORKVILLE TOWERS CONDOMINIUM, NEW
YORK CITY PARKING VIOLATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY TRANSIT ADJUDICATION BUREAU, JOHN DOE #1
THROUGH JOHN DOE #12

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| PART | 32 |
| INDEX NO. | 850241/2024 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75, 76

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, the motion and cross-motion are determined as follows:

This is an action to foreclose on a mortgage encumbering real property located at 1623 Third Avenue Unit 19D, New York, New York. The mortgage, dated June 1, 2006, was given by Defendant Mitchell H. Goldstein ("Ross") to non-party Bank of America, NA ("BOA"). The mortgage secures a loan with an original principal amount of $355,000.00 which is evidenced by a note of the same date as the mortgage. Plaintiff commenced this action, and pled Defendant defaulted in repayment of the indebtedness beginning on or about April 25, 2023. Defendants Goldstein answered and pled fourteen affirmative defenses, including lack of standing. Now, Plaintiff moves for summary judgment against the appearing Defendant, to strike his answers and affirmative defenses, for a default judgment against the non-appearing Defendants, for an order of reference and to amend the caption. Defendant opposes the motion.

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see U.S. Bank, N.A. v James,* 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles,* 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC,* 78 AD3d 577 [1st Dept 2010]). Also, based on the affirmative defenses pled, Plaintiff was required to demonstrate, *prima facie,* its standing (*see eg Wells Fargo Bank, N.A. v Tricario,* 180 AD3d 848 [2nd Dept 2020]). Proof supporting a *prima facie* case on a motion for summary judgment a cause of action for foreclosure must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski,* 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts,

850241/2024  WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE OF CSMC 2022-JR1 TRUST vs. GOLDSTEIN, MITCHELL H.
ET AL
Motion No. 001

Page 1 of 4

1 of 4

documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No specific set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported by an affidavit from Cynthia May ("May"), an officer of Select Portfolio Servicing, Inc. ("SPS"), servicing agent and attorney-in-fact for Plaintiff. May avers that the affidavit is based on personal review of SPS's business records. May's affidavit laid a proper foundation for the admission SPS's records into evidence under CPLR §4518 by sufficiently showing that the records "reflect[ed] a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business", "that the record[s][were] made pursuant to established procedures for the routine, habitual, systematic making of such a record" and "that the record[s] [were] made at or about the time of the event being recorded" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 204 [2d Dept 2019]; *see also Bank of Am v Brannon*, 156 AD3d 1 [1st Dept 2017]). The records of other entities were also admissible since May established that those records were received from the makers and incorporated into the records SPS kept and that it routinely relied upon such documents in its business (*see eg U.S. Bank N.A. v Kropp-Somoza,* 191 AD3d 918 [2d Dept 2021]). Further, the records referenced by May were annexed to the moving papers (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]). SPS's authority to act on Plaintiff's behalf was established with submission of a limited power of attorney, dated October 16, 2024 (*see U.S. Bank N.A. v Tesoriero*, 204 AD3d 1066 [2d Dept 2022]; *Deutsche Bank Natl. Trust Co. v Silverman*, 178 AD3d 898 [2d Dept 2019]; *US Bank N.A. v Louis*, 148 AD3d 758 [2d Dept 2017]).

As to the note and mortgage, these documents were referenced by May and annexed to her affidavit (*cf. 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp.*, 218 AD3d 417 [1st Dept 2023]). As such, proof of the loan documents was established in the first instance. As to Defendants' default, it "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). Where, as here, proof of a default is based on records, the documents evidencing the default (ie. an account ledger or similar), must be proffered (*see eg US Bank v Rowe*, 194 AD3d 978 [2d Dept 2021]) and annexed to the affiants' affidavit (*see 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp.,* supra; *Nationstar Mortgage LLC v Konitz I, LLC*, 208 AD3d 500 [2d Dept 2022]).

In this case, the record proffered by Plaintiff was a "Financial Breakdown Summary" created October 1, 2025. As presented, this record is an inadmissible summary rather than the account records upon which the information was gleaned (*see 76-82 St. Marks, LLC v Gluck,* 147 AD3d 1011 [2d Dept 2017]; *National States Elec. Corp. v LFO Constr. Corp.*, 203 AD2d 49 [1st Dept 1994]). The purported default notices are, in and of themselves, insufficient to establish a default in repayment (*see Bank of N.Y. Mellon v Mannino*, 209 AD3d 707 [2d Dept 2022]). Accordingly, Plaintiff failed to demonstrate *prima facie* Defendant's default in repayment.

As to standing in a foreclosure action, it is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to

850241/2024   WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY          Page 2 of 4
BUT SOLELY AS OWNER TRUSTEE OF CSMC 2022-JR1 TRUST vs. GOLDSTEIN, MITCHELL H.
ET AL
Motion No.  001

2 of 4

[* 2]

commencement of the action (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375 [3d Dept 2015]). "The attachment of a properly endorsed note to the complaint may be sufficient to establish, prima facie, that the plaintiff is the holder of the note at the time of commencement" (*Deutsche Bank Natl. Trust Co. v Webster*, 142 AD3d 636, 638 [2d Dept 2016]; *cf. JPMorgan Chase Bank, N.A. v Grennan*, supra). Here, Plaintiff annexed a copy of the note, endorsed in blank on its face, to the complaint which is sufficient to demonstrate that Plaintiff was the holder of the note when the action was commenced (*see Ocwen Loan Servicing LLC v Siame*, 185 AD3d 408 [1st Dept 2020]; *Bank of NY v Knowles*, supra at 597).

All the affirmative defenses are entirely conclusory and unsupported by any facts in the answer or by the papers submitted in opposition. As such, these affirmative defenses are nothing more than an unsubstantiated legal conclusion which is insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). To the extent that no specific legal argument was proffered in support of a particular affirmative defense or claim, they were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted without opposition (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted without opposition (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment and an order of reference is denied; and it is

ORDERED that Plaintiff's motion for a default judgment against the non-appearing Defendants is granted; and it is

ORDERED that the affirmative defenses pled by the appearing Defendant are dismissed; and it is further

ORDERED that "Doe" Defendants are stricken as the New York County Clerk will not accept a judgment for filing with a "Doe" or "Name Refused" defendant in the caption; and it is further

ORDERED that the caption is amended to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION,

850241/2024   WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY        Page 3 of 4
BUT SOLELY AS OWNER TRUSTEE OF CSMC 2022-JR1 TRUST vs. GOLDSTEIN, MITCHELL H.
ET AL
Motion No.  001

3 of 4

[* 3]

NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE, ON BEHALF OF AND FOR
THE BENEFIT OF BP-JR 1 LOAN TRUST,

                               Plaintiff,

      -against-

MITCHELL H. GOLDSTEIN A/K/A MITCHELL
GOLDSTEIN; BOARD OF MANAGERS OF THE
RUPPERT YORKVILLE TOWERS
CONDOMINIUM; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU;

                            Defendants.

------------------------------------------------------------------------X

and it is

       ORDERED that this matter is set down for a status conference on **May 20, 2026 @ 11:20 am** via Microsoft Teams.

| 3/10/2026 | | | | | | | |
|---|---|---|---|---|---|---|---|
| DATE | | | | FRANCIS KAHN, III, A.J.S.C. | | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

HON. FRANCIS A. KAHN III
J.S.C.

850241/2024   WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE OF CSMC 2022-JR1 TRUST vs. GOLDSTEIN, MITCHELL H.
ET AL
Motion No. 001

Page 4 of 4

[* 4]

4 of 4